BERNARD EISENMANN *v.* NICHOLAS & ADOLPH THILL.

ADOLPH THILL *v.* NICHOLAS THILL ET AL.

Where several attachments were levied upon the property of an insolvent firm at different times, so that the later ones would take nothing by the writ, and one of the partners sues the other for the purchase money of an alleged previous sale, and procures the appointment of a receiver, and asks that the partnership property be worked up and sold, and the proceeds distributed *pro rata* among the creditors who are made defendants, served with process and are in default, the receiver having entered upon the discharge of his duty, and one of the later attaching creditors, a defendant, afterward institutes proceedings in bankruptcy to compel a *pro rata* distribution of the partnership effects, and the assignee interferes with the receiver, and attachments for contempt are served on said creditor and assignee:

*Held,* that the receiver has proper custody of the property for the preservation thereof, for the common benefit, and may proceed to administer the same under the instruction of the court according to his appointment, and that the hearing of the proceeding in contempt will be postponed till he is disturbed in the performance of his duties or the final hearing of the cause.

Eisenmann brought suit November 29, 1870, against N. & A. Thill, upon their promissory note for $300, and on the same day sued out a writ of attachment against Nicholas Thill, alleging that before that time N. & A. Thill had dissolved partnership; that said Nicholas took all the partnership assets and assumed all the partnership liabilities, and had absconded with the intent to defraud his creditors. On the next day the attachment was levied on a tannery, which was appraised at $6,222. On the 4th of February, 1871, Edward H. Kleinschmidt, assignee in bankruptcy, was made a party defendant, and made a motion to dissolve, the attachment having been levied within four months. On the hearing of this motion, it was agreed that on the 9th of January, 1871, N. & A. Thill were adjudged bankrupts by the district court of the United States, under proceed-

Eisenmann *v.* Thill.

ings commenced on the 23d of December, 1870. The motion was reserved for hearing to this court.

On the 3d December, 1870, Adolph Thill filed his petition, in which he alleged the late partnership, its dissolution, the turning over all its assets to Nicholas, his assumption of the partnership liabilities, in consideration of which said Nicholas was to pay him $2,000, and gave his note therefor, and the fact of his having absconded. He also alleged the fact that on the 29th and 30th of November, 1870, certain creditors of the firm, among whom were Eisenmann, and Meyer & Lockwood, whom he made parties defendants, had sued out attachments and levied on the partnership property of the late firm, and that if the same were sold thereunder it would be sacrificed and he would lose payment of his debt, and asks the appointment of a receiver, for the purpose of working up the stock on hand and selling it to the best advantage, and for the payment of the creditors *pro rata*. He asserts a vendor's lien and makes the attaching creditors parties. On the same day a receiver was appointed and qualified. He at once proceeded to take possession of the property under the order of this court, and commenced work and the expenditure of money and labor, and was commanded by the order of this court to sell some perishable property, which he did. Meyer & Lockwood were served with process December 8, 1870. On the 4th of January, 1871, the plaintiff, in this last action, filed a motion against Meyer & Lockwood to show cause why they should not be attached for contempt for interfering with the orders of this court by procuring a restraining order, in proceedings in bankruptcy, to be issued from the circuit court of the United States against the receiver, commanding him to refrain from selling or in any other manner interfering with the effects of N. & A. Thill until further ordered. And on the 20th of January, 1871, the receiver filed a report, in which he states he had contracted liabilities to about $500, and was about to make additional outlays, when, on the 19th of January, 1871, by

virtue of proceedings in bankruptcy, instituted by Meyer & Lockwood, defendants, the marshal of the United States for the Southern District of Ohio demanded of him the surrender of the property, books, etc., in his hands as receiver of this court, which he refused, and asks the instruction of the court. And on the 21st of January, 1871, a rule to show cause why they should not be attached for contempt was issued against Meyer & Lockwood, and ordered to be issued against W. B. Thrall, United States marshal. On the 3d of February, 1871, motion was made to discharge this rule, and on the 4th of February, 1871, Meyer & Lockwood and Thrall filed an answer to the rule, setting up the beginning of the proceedings in bankruptcy by Meyer & Lockwood, on the 23d of December, 1870; that N. & A. Thill were adjudged bankrupts, January 9, 1871, and all the necessary steps which resulted in the due appointment of Kleinschmidt, as assignee of N. & A. Thill, on the 1st of February, 1871; the demand of the receiver of the 19th of January, 1871; that the attachments were levied within four months preceding the proceedings in bankruptcy, whereby they became dissolved and the appointment of the receiver vacated, and all the property of the firm became and was vested in the assignee. They denied any contempt of this court, Meyer & Lockwood saying that they merely asserted their rights under the bankrupt laws of the United States, and Thrall, that he merely acted in his official capacity. These facts were all agreed upon on the hearing of the motion to discharge the rule, and the same, together with the whole case was reserved for the determination of the General Term. It was agreed, in the argument, that Meyer & Lockwood's attachment, being subsequent in point of time to those of the other creditors, they merely resorted to the proceedings in bankruptcy to obtain a *pro rata* distribution of the assets of the bankrupts among all the creditors, and obtaining that, they preferred to refrain from further proceedings

in bankruptcy, and that the receiver should continue in possession and administer the estate accordingly.

*Forrest & Lindemann,* for plaintiff.

*Stallo & Kittredge,* for defendant.

HAGANS, J.    An examination of the papers of the cause discloses the fact that the parties served with process are in default for demurrer or answer in the case of *A. Thill* v. *N. Thill et al.*    Indeed, we gather that it is the desire of all the creditors that the receiver should continue in the possession of and administer the assets *pro rata,* as prayed for in Thill's petition, without further, or, indeed, any objection at all.    There is nothing in the record to authorize us to inquire into the sufficiency of that proceeding.    The plaintiff is interested in the partnership property, and has a right to see that it goes to the payment of the partnership debts.    The fact is that a receiver of this court was appointed, as we are bound to suppose, according to the record, for sufficient reason and on sufficient grounds; and he has been acting under the orders of the court at a time when these parties were bound to know what was going on, and has not only disposed of some portions of these assets, but has incurred considerable liabilities for the common benefit.    It would seem, therefore, that they are bound by his acts.    He was appointed in their behalf and none of them move to discharge him.    In fact, the court has the custody of this property for the purposes of the action, viz: a *pro rata* distribution of the assets, according to the prayer of the petition, at the instance of the plaintiff, who is one of the members of this insolvent firm, and who seeks to ascertain and recover what is due to him, if he be entitled to anything.    No one objects to this course, though there are priorities among these attachments.    On the contrary, there seems to be a voluntary assent to it.

The cause seems to stand, as to the propriety of this

action upon the principle of *Skip* v. *Harwood*, 3 Atk. 530, and *Williamson* v. *Wilson*, 1 Bland (Md.), 418. Both of these cases were suits by one partner against another, and a receiver was appointed to preserve the partnership property for creditors. In the first of these cases, it was held by Lord Chancellor Hardwicke that a commission of bankruptcy could not supersede a decree for a receiver, the appointment of which is a discretionary power of as great utility as that of any other authority that belongs to a court.

And, in the case in Maryland, the court held that after a firm became insolvent, the partners are to be considered as trustees for the benefit of their creditors; and, therefore, a suit between such partners, for the preservation of the assets for creditors, may be treated as a creditor's suit, and the partnership estate collected and distributed accordingly; and a receiver was appointed to preserve the estate for equal distribution among the creditors.

Here, all the parties, even those who perhaps might claim priority by attachment, voluntarily submit to the administration of the insolvent's estate, according to our assignment laws. The purpose of the proceedings in bankruptcy is obtained, and their further prosecution seems unnecessary.

We do not dispose of the motion to discharge the rule or the motion to dissolve the attachments; we prefer to let them stand until the final hearing, and the receiver may go on and collect these assets for distribution *pro rata*. And if any of the parties disturb him in the performance of his duties, or if the assignee in bankruptcy interferes with him, he may report the facts for such further action as may be appropriate in the premises.

The cause will be remanded to Special Term for further proceedings.